IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
(MACON DIVISION)

| | |
|---|---|
| AMY PARTON | : |
| Plaintiff, | : |
| | : Case No. 5:14-cv-00423-MTT |
| vs. | : |
| | : Judge Treadwell |
| UNIFUND CCR PARTNERS | : |
| Defendant. | : |

**DEFENDANT UNIFUND CCR PARTNERS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Unifund CCR Partners ("Unifund") answers the Complaint of Plaintiff Amy Parton ("Ms. Parton" or "Plaintiff") as follows. Paragraph numbers of the Answer correspond to paragraph numbers of the Complaint. All allegations not specifically admitted are denied.

**FIRST DEFENSE**

**AS TO "PARTIES, JURISDICTION, AND VENUE"**

1. Unifund admits that it is an Ohio general partnership. Unifund denies the remaining allegations contained in Paragraph 1 of the Complaint.

2. Unifund denies the allegations contained in Paragraph 2 of the Complaint.

3. Insofar as Paragraph 3 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits that its website is www.unifund.com. Unifund will not contest personal jurisdiction for purposes of this action only. Unifund denies the remaining allegations contained in Paragraph 3 of the Complaint.

4. Insofar as Paragraph 4 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund will not contest personal jurisdiction or venue for purposes of this action only. Unifund denies the remaining allegations contained in Paragraph 4 of the

Complaint.

5. Unifund admits that Plaintiff's claims are for less than the jurisdictional limits of the Peach County Magistrate Court. Unifund denies that Plaintiff is entitled to any relief whatsoever. Unifund denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Insofar as Paragraph 6 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund will not contest personal jurisdiction or venue for purposes of this action only. Unifund denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Insofar as Paragraph 7 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits the allegations contained in Paragraph 7 of the Complaint.

8. Insofar as Paragraph 8 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund admits that it is a debt collector for purposes of this action only. Unifund denies the remaining allegations contained in Paragraph 8 of the Complaint.

## AS TO "LEGAL CLAIMS"

## AS TO "COUNT ONE – FAIR BUSINESS PRACTICES ACT"

9. Unifund repeats each answer to the preceding Paragraphs as though fully rewritten herein.

10. Unifund denies the allegations contained in Paragraph 10 of the Complaint.

11. Unifund denies the allegations contained in Paragraph 11 of the Complaint.

12. Insofar as Paragraph 12 calls for a legal conclusion, it requires no answer. To the extent an answer is required, Unifund denies the allegations contained in Paragraph 12 of the

22321036 v1

2

Complaint.

13. Unifund denies the allegations contained in Paragraph 13 of the Complaint.

14. Unifund denies the allegations contained in Paragraph 14 of the Complaint.

15. Unifund denies the allegations contained in Paragraph 15 of the Complaint.

16. Unifund denies the allegations contained in Paragraph 16 of the Complaint.

17. Unifund denies the allegations contained in Paragraph 17 of the Complaint.

**AS TO "COUNT TWO – FAIR DEBT COLLECTION PRACTICES ACT"**

18. Unifund repeats each answer to the preceding Paragraphs as though fully rewritten herein.

19. Unifund denies the allegations contained in Paragraph 19 of the Complaint.

20. Unifund denies the allegations contained in Paragraph 20 of the Complaint.

21. Unifund denies the allegations contained in Paragraph 21 of the Complaint.

22. Unifund denies the allegations contained in Paragraph 22 of the Complaint.

23. Unifund denies the allegations contained in Paragraph 23 of the Complaint.

24. Unifund denies the allegations contained in Paragraph 24 of the Complaint.

**AS TO "COUNT THREE –
UNFAIR OR DECEPTIVE PRACTICES TOWARD THE ELDERLY"**

25. Unifund repeats each answer to the preceding Paragraphs as though fully rewritten herein.

26. Unifund denies the allegations contained in Paragraph 26 of the Complaint.

27. Unifund denies the allegations contained in Paragraph 27 of the Complaint.

**AS TO "COUNT FOUR –
INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS"**

28. Unifund repeats each answer to the preceding Paragraphs as though fully rewritten herein.

29. Unifund denies the allegations contained in Paragraph 29 of the Complaint.

## AS TO "COUNT FIVE – ATTORNEYS FEES"

30. Unifund repeats each answer to the preceding Paragraphs as though fully rewritten herein.

31. Unifund denies the allegations contained in Paragraph 31 of the Complaint.

Plaintiff's WHEREFORE paragraph does not contain any factual allegations to which Unifund is required to respond; however, Unifund denies that Plaintiff is entitled to any relief whatsoever.

## SECOND DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The Complaint may be barred by the equitable defenses of laches, unclean hands, and equitable estoppel.

## FOURTH DEFENSE

Plaintiff's claims are barred or limited to the extent she has not acted to mitigate her damages (if any).

## FIFTH DEFENSE

To the extent that any violation of state or federal law took place, said violation was not intentional and resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adapted to avoid such errors.

## SIXTH DEFENSE

To the extent that any violation of law took place, recovery is limited to the amount, if any, by which the Plaintiff suffered injury or damage caused by the alleged violation because the

alleged violation resulted from a bona fide error that occurred notwithstanding the maintenance of procedures reasonably adopted to avoid any such error and such error was not the result of negligence in the maintenance of such procedures.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## EIGHTH DEFENSE

Plaintiff may have waived any and all claims she may have had against Unifund.

## NINTH DEFENSE

Plaintiff's complaint fails to state a valid claim for attorney fees, costs, actual damages, exemplary damages or punitive damages.  Moreover, Plaintiff's claim for exemplary and punitive damages is barred or limited under law and/or by the procedural and substantive due process guarantees, the guarantees against the taking of property in an arbitrary or irrational manner or without adequate compensation, the guarantees of equal protection of the laws, and the guarantees against undue burden upon commerce set forth in the United States Constitution and/or by state law.

## TENTH DEFENSE

Plaintiff's claims may be subject to set-off against monies owed Unifund by Plaintiff.

## ELEVENTH DEFENSE

Unifund seeks all fees, expenses, costs, and any legally recoverable damages from Plaintiff that may be available under the FDCPA, including but not limited to fees under 15 U.S.C. § 1692k(a), under Civ. R. 54(d)(1), or otherwise.

## TWELFTH DEFENSE

Unifund acted properly, in good faith, with probable cause, and without malice at all

times, and to the extent there were any violations of federal law, such purported violations were not done by Unifund with the requisite malice, intent or knowledge.

### THIRTEENTH DEFENSE

The Court lacks subject matter jurisdiction because Plaintiff's claims are barred by the Rooker-Feldman doctrine and the doctrine of res judicata.

### FOURTEENTH DEFENSE

Plaintiff is not entitled to costs, fees, or any expenses pursuant to OCGA § 13-6-11 or otherwise.

### FIFTEENTH DEFENSE

Plaintiff's claims under the FBPA are barred because the FBPA does not encompass cases based upon allegedly deceptive or unfair acts or practices which occur in a private transaction.

### SIXTEENTH DEFENSE

Plaintiff's claims under the FBPA are barred because no act alleged in the Complaint harmed the public in general.

### SEVENTEENTH DEFENSE

To the extent Defendant's actions have violated the FBPA (which it denies), Unifund denies that any of its actions were willful.

### EIGHTEENTH DEFENSE

Plaintiff's claims arising out of the FBPA are barred because Plaintiff has failed to comply with statutory notice requirements.

## NINETEENTH DEFENSE

Plaintiff's claims arising out of the FBPA are barred because Plaintiff failed to exercise due diligence in connection with the transaction at issue.

## TWENTIETH DEFENSE

It would violate the Constitution of the United States, including the "dormant" Commerce Clause, to subject Defendant to liability under Georgia's FBPA statute.

## TWENTY-FIRST DEFENSE

An award to Plaintiff of treble damages would violate Defendant's rights under both the Georgia and United States Constitutions.

## TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages against Unifund cannot be upheld to the extent they are violation of any law passed by the United States Congress or the Georgia Legislature limiting awards of punitive damages or the amount of such damages, including but not limited to Ga. Code Ann. § 51-12-5.1.

## TWENTY-THIRD DEFENSE

Plaintiff's claims for punitive damages against Unifund cannot be upheld, because an award of punitive damages under Georgia law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Georgia law would violate Unifund's due process rights guaranteed by the United States Constitution and by the due process provisions of the Georgia Constitution.

## TWENTY-FOURTH DEFENSE

Unifund reserves the right to amend or add more defenses as necessary.

WHEREFORE, Unifund respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice;

2. Enter judgment in favor of Unifund and direct Plaintiff to recover nothing from Unifund;

3. Grant Unifund its attorney fees, expenses and costs pursuant to 15 U.S.C. § 1692k(a); and

4. Grant to Unifund such other and further relief as this Court deems just and proper.

Respectfully submitted this 5th day of December, 2014.

>*s/ R. Frank Springfield*
>R. Frank Springfield
>Georgia Bar No. 316045
>fspringf@burr.com
>Rachel R. Friedman
>Georgia Bar No. 456493
>rfriedman@burr.com
>BURR & FORMAN, LLP
>171 Seventeenth Street, NW, Suite 1100
>Atlanta, Georgia  30363
>Telephone:  (404) 815-3000
>Facsimile:  (404) 817-3244
>*Attorneys for Defendant Unifund CCR Partners*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 5th day of December, 2014, I presented the foregoing **DEFENDANT UNIFUND CCR PARTNERS' ANSWER TO PLAINTIFF'S COMPLAINT** to the Clerk of Court for filing and uploading to the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

Clifford Carlson
Cliff Carlson Law, P.C.
4501 Russell Parkway, Suite 24
Warner Robins, GA 31088

*Attorney for Plaintiff Amy Parton*

      I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

                                    NONE

                                 *s/ R. Frank Springfield*
                                 OF COUNSEL

22321036 v1